**Ronald E. JARMUTH, Plaintiff,**

**v.**

**Oxana TURETSKY, et al., Defendants.**

**Civ. A. No. 92–2164 (TFH/PJA).**

United States District Court,
District of Columbia.

Feb. 25, 1993.

---

Ronald E. Jarmuth, pro se.

Oxana Turetsky, pro se.

Robert G. Shuster, Heise, Jorgensen & Stefanelli, Silver Spring, MD, for defendant Natalia McLemore.

## MEMORANDUM OPINION

ATTRIDGE, United States Magistrate Judge.

### Background

In this diversity action, the plaintiff Ronald E. Jarmuth seeks to recover damages from the defendants in a multi-count complaint alleging common law causes of action for conversion, theft, an accounting and detinue.

None of the defendants are citizens or residents of the District of Columbia, therefore, venue in this jurisdiction is premised on the allegation that some of the claims arose in the District of Columbia. *See* 28 U.S.C. § 1391(a).

A number of motions have been rendered moot by reason of the Court's ruling on the defendant Turetsky's motion to quash service of process. That ruling renders moot the plaintiff's motion for back-up service, [27], and the plaintiff's motion that the Court recognize that the defendant Turetsky submitted herself to the jurisdiction of the Court. [26]

The remaining motions primarily concern the defendant McLemore. The first of these motions is McLemore's motion to dismiss for lack of personal and subject matter jurisdiction and on account of the pendency of litigation in another jurisdiction regarding the same parties and claims and for Rule 11 sanctions. Only the allegations of lack of personal jurisdiction and Rule 11 sanctions warrant discussion. Moreover, the Court's resolution of those motions will lead to the resolution of the other pending motions which seek injunctive relief and an order compelling discovery since their outcome initially depends upon the resolution of the threshold issue of whether McLemore is properly before the Court.

### Discussion

On the personal jurisdiction issue, McLemore contends and the plaintiff concedes that she is a citizen of Pennsylvania and a resident of Philadelphia. Service of process is alleged to have been made by certified mail pursuant to District of Columbia local law.

■ The proper exercise of personal jurisdiction in diversity cases over a non-resident defendant implicates both the local long-arm statute and the Due Process Clause of the 14th Amendment to the Constitution. *Hasenfus v. Corporate Air Services, et al.*, 700 F.Supp. 58, 60 (D.C.D.C.1988).

Fed.R.Civ.P. 4(c) provides in pertinent part that "(a) summons and complaint may be served upon a defendant . . .

(1) Pursuant to the law of the State in which the district court is held for the service . . . upon such defendant in an action brought in the courts of general jurisdiction of that State."

Section 13–423(a) of the District of Columbia Code allows the Superior Court, the court of general jurisdiction, to exercise personal jurisdiction over a defendant based on that person's conduct in the District of Columbia.

Section 13–423(a) enumerates seven specific instances wherein conduct will give rise to personal jurisdiction. Only one, transacting any business in the District of Columbia, can arguably form the basis of personal jurisdiction over the defendant McLemore.

Paragraph 74 of the complaint relates to the defendant McLemore and charges that:

Turetsky removed from her NRL savings account $4,224.50 belonging to Plaintiff and moved it to a new Schwab account titled in the name of Defendant McLemore, under the later's (sic) social security number and address, with co-ownership in Defendant Turetsky's name; further that they both caused to be issued a Visa Card in Defendant McLemore's name, secured by this account. . . .

In Paragraph 119, the Plaintiff identifies this joint account as having been opened at Schwab's office in Philadelphia, Pa. Later, (¶ 129), McLemore is alleged to have transferred funds from the joint Philadelphia ac-

count to a Schwab account in Baltimore, Maryland.

■ There is no allegation in the 38 page complaint that McLemore transacted any business in the District of Columbia. As I read the complaint, the plaintiff solely contends that the funds alleged to have been transferred to the Philadelphia joint Turetsky–McLemore account came from Turetsky's account at Schwab's D.C. office. McLemore maintained no account in the District of Columbia.

Since none of the accounts alleged to be implicated in the financial transactions the plaintiff describes in his complaint were maintained by McLemore in the District of Columbia, there is no basis in the complaint upon which the Court can conclude that McLemore transacted business in the District of Columbia so as to allow this Court to exercise personal jurisdiction over her consistent with the long arm statute and the Due Process Clause of the 14th Amendment.

The plaintiff, nonetheless, urges that even if McLemore did not transact business in the District of Columbia, Turetsky did, and that Turetsky either acted as McLemore's agent or that both engaged in a conspiracy to obtain his assets by theft. Therefore, the plaintiff urges, McLemore is subject to personal jurisdiction as the principal for her agent Turetsky's transactions in the District of Columbia or as a co-conspirator with Turetsky.

There is substantial authority for the view that there is no conspiratorial theory of venue in civil cases other than those involving violations of the securities acts. *See* 15 Wright, Miller & Cooper, *Federal Practice and Procedure*, Jurisdiction 2d § 3807 (1986).

■ However, it is not necessary to resolve that issue. Our Court of Appeals has ruled that, as a general rule, "a plaintiff must make a *prima facie* showing of the pertinent jurisdiction facts." *First Chicago Intern. v. United Exchange Co. Ltd.*, 836 F.2d 1375, 1378 (D.C.Cir.1988) (citations omitted). "It is settled a plaintiff 'must allege specific acts

connecting the defendant with the forum,' *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1208 n. 5 (9th Cir.1980), and that the 'bare allegation' of conspiracy or agency is insufficient to establish personal jurisdiction. *E.g., McLaughlin v. McPhail*, 707 F.2d 800, 806 (4th Cir.1983); *Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87, 93–97 (2nd Cir. 1975)." *Id.* at 1378, 1379.

In this case, the plaintiff makes no allegations connecting McLemore with this jurisdiction other than that her sister, Turetsky, maintained an account at the Naval Research Laboratory Federal Credit Union in Washington, D.C. through which Turetsky allegedly "flushed" funds given to her by the plaintiff, (¶ 22), and that Turetsky maintained another account with the Charles Schwab brokerage office in Washington, D.C., (¶¶ 27, 31, 34),[1] through which Turetsky is alleged to have sold securities owned by the plaintiff. (¶¶ 33, 45.) Those allegations are wholly insufficient to support the plaintiff's contention that Turetsky acted as McLemore's agent or that they engaged in a conspiracy to convert, steal, defraud and detain the plaintiff's personal property so as to enable this Court to exercise personal jurisdiction over McLemore consistent with Section 13–423(a) of the District of Columbia Code and the Due Process Clause of the 14th Amendment. Accordingly, the defendant McLemore's motion to dismiss will be granted.

■ McLemore also seeks sanctions pursuant to Rule 11 alleging that the plaintiff had previously filed against her, and there is pending, essentially the same claim in the Circuit Court for Prince Georges County, Maryland and that this suit, therefore, constitutes vexatious and abusive litigation interposed solely to harass her.

The plaintiff contends that the state court action in Prince Georges County had been dismissed by order of court on August 27, 1992, and that when this action was filed on September 23, 1992, no litigation was pending. It was not until September 24, 1992, the day following the filing of the complaint in

---

1. The plaintiff also makes reference to accounts with other brokerage house but makes no reference to their location. *See e.g.* ¶ 23.

this Court, that the Circuit Court for Prince George's County reversed itself and reinstated the plaintiff's case. Moreover, the plaintiff contends that McLemore moved to dismiss the state court action alleging she was not subject to personal jurisdiction in that forum, and that the Prince George's court lacks subject matter jurisdiction. He does admit that 4 of the 5 counts found in this complaint are duplicative of those asserted in Prince Georges County but that the 5th count for theft was not alleged in the Prince Georges County litigation. Nonetheless, he states that he would agree to voluntarily dismiss this action if McLemore stipulated to personal and subject matter jurisdiction in Prince Georges County.

The plaintiff also alleges that he did extensive discovery in Prince Georges County and elsewhere as a result of which he obtained a substantial number of documents purported to support his claim. The complaint filed in this Court is alleged to be based on information obtained from those documents. Indeed, McLemore concedes that the complaint details specifics regarding her financial affairs and speculates that this detailed information must have been obtained through unlawful means in violation of her right to privacy.

Rule 11 implicates three elements: first, that the signer of the pleading has read the document, second, that he has made reasonable inquiry and that to the best of his knowledge, information and belief there are good grounds to support it, and third, that he is acting without proper motive.

The plaintiff is proceeding pro se. There is no question that he read the complaint, indeed, he is the author and preparer. With respect to the second element, even McLemore concedes that the information contained in the complaint is so specific it was obtained after investigation. She questions the legality of the investigation. A fair reading of the complaint, if believed, shows that it contains factually good grounds to show that he is entitled to damages from both defendants. With regard to the third element, there is no indication that the plaintiff is acting with an improper motive. The Prince Georges Circuit Court did, indeed, dismiss

the plaintiff's declaration thereby terminating all litigation between the plaintiff and McLemore at the time this suit was filed. Moreover, the plaintiff has agreed to dismiss this action, if the defendant will stipulate to the jurisdiction of the Prince Georges County Court. These actions are inconsistent with a conclusion that the plaintiff has brought multiple suits against her solely to harass her with duplicative litigation. Therefore, the defendant McLemore's motion for sanctions will be denied.

### Conclusion

For the reasons stated, the defendant McLemore's motion to dismiss for lack of personal jurisdiction is granted and McLemore's motion for Rule 11 sanctions is denied.