Dalton v. Wal-Mart Stores          CV-95-484-SD  03/26/95
                    UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Kimberly Dalton

        v.                                      Civil No. 95-484-SD

Wal-Mart Stores, Inc.;
Lloyd Twente


                              O R D E R


        In this civil action, plaintiff Kimberly Dalton brings a

claim of sexual harassment under Title VII against defendants

Wal-Mart Stores, Inc., her former employer, and Lloyd Twente, her

former immediate supervisor.  Additional grounds for recovery are

asserted on state-law theories of wrongful discharge, assault,

battery, emotional distress, and negligence.

        Presently before the court is (1) Wal-Mart's motion for

judgment on the pleadings and (2) Twente's motion for judgment on

the pleadings, to which plaintiff concurs in part and objects in

part, and (3) plaintiff's assented-to motion to amend pretrial

order.[1]

_____

        [1]Plaintiff seeks to extend the time for disclosure of her
experts and associated written reports from April 1, 1996, to
June 1, 1996.  No objection being made, said motion (document 13)
is granted.  Defendants' disclosure date remains July 1, 1996.

<u>Background</u>

Plaintiff Kimberly Dalton was hired as an automotive center merchandise assistant in the Claremont, New Hampshire Wal-Mart's automotive department in or about July 1993.  Complaint ¶ 13. Nine months later, in April 1994, defendant Lloyd Twente began to serve as manager of Wal-Mart's "tire and lube express program", and, as such, was Dalton's immediate supervisor.  <u>Id.</u> ¶¶ 15-16. Dalton alleges that between June 1994 and November 1994, Twente engaged in a pattern of sexual harassment which ultimately "disabled [her] from working and . . . compelled [her] to quit her job."  <u>Id.</u> ¶ 44.  Plaintiff further alleges that members of the Wal-Mart management staff either witnessed Twente's acts of harassment or were made aware of his conduct by information provided by other employees, <u>id.</u> ¶¶ 21, 23, 36, and that she discussed the harassment situation with Wal-Mart management on at least four separate occasions, <u>id.</u> ¶¶ 30, 32, 38, 40.

<u>Discussion</u>

1. <u>Judgment on the Pleadings Standard</u>[2]

Under Rule 12(c), Fed. R. Civ. P., "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as the standard for evaluating a Rule 12(b)(6) motion." <u>Metromedia Steakhouses Co., L.P. v. Resco Management, Inc.</u>, 168 B.R. 483, 485 (D.N.H. 1994) (citation omitted). "In reviewing the defendants' motion for judgment on the pleadings . . . the court must accept all of the factual averments contained in the complaint as true and draw every reasonable inference helpful to the plaintiff's cause." <u>Sinclair v. Brill</u>, 815 F. Supp. 44, 46 (D.N.H. 1993) (citing <u>Santiago de Castro v. Morales Medina</u>, 943 F.2d 129, 130 (1st Cir. 1991)); <u>see also</u> <u>Rivera-Gomez v. de Castro</u>, 843 F.2d 631, 635 (1st Cir. 1988) ("because rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-

_____

[2]Wal-Mart purports to move pursuant to Rule 12(f), Fed. R. Civ. P., for judgment on the pleadings, but the court notes that such motion is more properly designated as brought pursuant to Rule 12(c), Fed. R. Civ. P. <u>Compare</u> Rule 12(c), Fed. R. Civ. P. ("Motion for Judgment on the Pleadings") <u>with</u> Rule 12(f), Fed. R. Civ. P. ("Motion to Strike").

3

pleaded factual averments as true and draw all reasonable inferences in his favor" (citations omitted)).

Even then, judgment may not be entered on the pleadings "'"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief."'" Rivera-Gomez, supra, 843 F.2d at 635 (quoting George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))).

2. Wal-Mart's Motion, document 8

Wal-Mart moves for judgment on the pleadings on six of the eight counts asserted in plaintiff's complaint. The court will address each count seriatim.[3]

In Counts I and II of the complaint, plaintiff seeks redress for the asserted violations of her civil rights under Title VII and a state-law theory of wrongful discharge. Wal-Mart submits that the common-law claim must give way. The court agrees,

_____

[3]Acknowledging that the Workers' Compensation Law, New Hampshire Revised Statutes Annotated (RSA) 281-A:8, serves as a bar to her claims of intentional (Count V) and negligent (Count VI) infliction of severe emotional distress, plaintiff assents to the dismissal of both counts. See Plaintiff's Objection at 4. Accordingly, the court herewith dismisses Counts V and VI as to Wal-Mart.

4

albeit on a different rationale than that indicated in defendant's memorandum.

Under the common law of New Hampshire, a claim for wrongful termination will not lie unless a plaintiff can show "'one, that the employer terminated the employment out of bad faith, malice, or retaliation; and two, that the employer terminated the employment because the employee performed acts which public policy would encourage or because he refused to perform acts which public policy would condemn.'" Wenners v. Great State Beverages, Inc., 140 N.H. 100, ___, 663 A.2d 623, 625 (1995) (quoting Short v. School Admin. Unit No. 16, 136 N.H. 76, 84, 612 A.2d 364, 370 (1992)), cert. denied, ___ U.S. ___, 116 S. Ct. 926 (1996). A plaintiff may not, however, "'pursue a common law remedy where the legislature intended to replace it with a statutory cause of action.'" Miller v. CBC Cos., Inc., 908 F. Supp. 1054, 1066 (D.N.H. 1995) (quoting Wenners, supra, 140 N.H. at ___, 663 A.2d at 625).

The First Circuit recently ruled on the issue presently before the court, stating, "Title VII not only codifies the public policy against gender-based discrimination . . . but also creates a private right of action to remedy violations of that policy and limns a mature procedure for pursuing such an action." Smith v. F.W. Morse & Co., 76 F.3d 413, 429 (1st Cir. 1996). As such, and in light of the Wenners decision, the panel concluded

5

that "the existence of such a remedy precludes the appellant, in the circumstances of this case, from asserting a common law claim for wrongful discharge." Id. So it is here. Count II is accordingly dismissed.

Wal-Mart seeks dismissal of the assault and battery claims as more properly asserted against the individual defendant Lloyd Twente. Citing to Seventh Circuit precedent, plaintiff counters that "because Wal-Mart had knowledge and notice of defendant Lloyd Twente's assault and battery of plaintiff, yet failed to take appropriate remedial measures," said claims should stand. Plaintiff's Objection at 4.

The Seventh Circuit has indeed noted that "an employer who has reason to know that one of his employees is being harassed in the workplace by others on ground[] of . . . sex . . ., and does nothing about it, is blameworthy." Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1422 (7th Cir. 1986). However, such liability is imposed "for those torts committed against one employee by another, whether or not committed in furtherance of the employer's business, that the employer could have prevented by reasonable care in hiring, supervising, or if necessary firing the tortfeasor." Id. (citing Lancaster v. Norfolk & W. Ry. Co., 773 F.2d 807, 818-19 (7th Cir. 1985), cert. denied, 480 U.S. 945 (1987)) (emphasis added).

6

Plaintiff's complaint asserts independent claims for assault (Count III), battery (Count IV), and negligent supervision, training, or discipline of employees (Count VII). Because the court finds that this latter cause of action most approximates the intention of Chief Judge Posner in Hunter, Counts III and IV are herewith dismissed as to Wal-Mart.

Finally, Wal-Mart seeks to dismiss Count VIII insofar as it merely states a principle for assigning liability in the context of a master and servant relationship, rather than operates as an independent cause of action. Plaintiff essentially agrees. See Plaintiff's Objection at 5 ("Plaintiff will, with leave of the court, amend her complaint to plead respondeat superior in each appropriate count."). Accordingly, Count VIII is herewith dismissed without prejudice.

### 3. Twente's Motion, document 11

Lloyd Twente moves for judgment on the pleadings as to Counts I, II, VI,[4] VII, and VIII of plaintiff's complaint. Plaintiff objects to the dismissal of Count I.[5]

---

[4]The court notes that Twente's motion identifies Count IV, and the introductory paragraph of his memorandum identifies Count V, but the argument is directed at Count VI. Accordingly, the court construes the motion as seeking judgment on the pleadings as to Count VI.

[5]Plaintiff assents to the dismissal of Counts II, VI, VII, and VIII as to Twente. See Plaintiff's Objection at 3.

Twente asserts that plaintiff's Title VII claim fails as a matter of law insofar as Twente was not Dalton's employer. This court recently canvassed the legal landscape regarding Title VII's "agent" language and concluded that "instead of intending to impose personal liability, Congress included the 'agent' wording merely to emphasize that employers are subject to the principles of respondeat superior." Miller, supra, 908 F. Supp. at 1065 (collecting cases). Accordingly, Twente's motion is granted as to Count I.[6]

## Conclusion

For the reasons set forth herein, (1) defendant Wal-Mart's motion for judgment on the pleadings (document 8) is granted as to Counts II, III, IV, V, VI, and VIII; (2) defendant Lloyd Twente's motion for judgment on the pleadings (document 11) is granted as to Counts I, II, VI, VII, and VIII; and (3) plaintiff's assented-to motion to amend pretrial order (document

---

Accordingly, the court herewith dismisses Counts II, VI, VII, and VIII as to Twente.

[6]In light of today's order, as well as the concessions contained in her opposition papers to both Wal-Mart's and Twente's respective motions, leave is herewith given and plaintiff is encouraged to submit an amended complaint incorporating the rulings made herein. Cf. Woods v. Foster, 884 F. Supp. 1169, 1178 (N.D. Ill. 1995) (amended complaint "should allege each tort against each defendant in separate count in order to make clear what the specific allegations are").

13) is granted, with disclosure of her experts and their written reports to occur by June 1, 1996. Defendants' disclosure date remains July 1, 1996. Additionally, plaintiff is granted leave to file an amended complaint consistent with the rulings made herein.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

March 26, 1996

cc:  Robin C. Curtiss, Esq.
     Martha V. Gordon, Esq.
     Ellen E. Saturley, Esq.