Air Line Pilots v. Pan American          CV-02-593-SM  08/23/04
                       UNITED STATES DISTRICT COURT

                        DISTRICT OF NEW HAMPSHIRE


Air Line Pilots Association,
International,
        Plaintiff

        v.                                    Civil No. 02-593-SM
                                              Opinion No. 2004 DNH 124
Pan American Airways Corp.,
        Defendant


                           **O R D E R**


        Before the court is plaintiff's renewed motion for summary

judgment in this WARN Act[1] suit.  Defendant objects.  For the

reasons given below, plaintiff's motion for summary judgment is

granted in part.


        The Air Line Pilots Association, International ("the

Association") says that the undisputed factual record establishes

that Pan American Airways Corp. ("Pan Am") implemented a "mass

layoff" without first giving sixty days prior written notice, as

required by the WARN Act.  The Association's earlier motion for

summary judgment (document no. 9) was denied (document no. 14) on

_____

        [1] 29 U.S.C. § 2101, <u>et seq.</u>

grounds that the parties disputed material facts, particularly the size of Pan Am's pre-layoff workforce and the number of employees laid off. Pan Am now concedes, however, that it did conduct a mass layoff within the meaning of the WARN Act.[2]

Although conceding that it conducted a mass layoff, Pan Am defends against the Association's renewed motion for summary judgment on grounds that it had no legal obligation to give prior notice, because its layoffs resulted from business circumstances beyond its control that were not reasonably foreseeable sixty days in advance.[3] See 29 U.S.C. § 2102(b)(2)(A). Pan Am further argues that: (1) if it was required to give prior WARN Act notice, its monetary liability should be reduced because it believed, in good faith, that it was not obligated to provide such prior notice, see 29 U.S.C. § 2104(a)(4); and (2) the remedies the Association seeks are not available on summary

_____

[2] See Def.'s Mem. of Law at 3-4 ("Ultimately, Pan Am has concluded that it did in fact lay off at least 33% of its full-time Portsmouth employees between September 5 and October 1, 2002.").

[3] Pan Am also raised that affirmative defense in objection to plaintiff's first motion for summary judgment. However, because that motion was denied on other grounds, the court did not reach Pan Am's "unforeseen business circumstances" defense.

2

judgment.  The Association counters, as it did in response to Pan Am's objection to its first motion for summary judgment, that Pan Am waived any available "unforeseeable business circumstances" defense by failing to raise such a defense in its first responsive pleading.  The Association further argues that Pan Am waived its right to a reduction of monetary liability based upon good faith by failing to raise that issue in a timely manner, and, that the relief it seeks is available on summary judgment because Pan Am has raised no question of fact, but only questions of law, regarding the relief the Association seeks.

Pan Am did waive its "unforeseen business circumstances" defense by failing to raise it in a timely manner.  "An affirmative defense must be pleaded in the answer in order to give the opposing party notice of the defense and a chance to develop evidence and offer arguments to controvert the defense." Wolf v. Reliance Std. Life Ins. Co., 71 F.3d 444, 449 (1st Cir. 1995) (citing Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir. 1994)).  "Failure to plead an affirmative defense generally results in waiver of the defense and its exclusion from the case." Wolf, 71 F.3d at 449 (citing

3

<u>Conjugal P'ship of Jones v. Conjugal P'ship of Pineda</u>, 22 F.3d 391, 400 (1st Cir. 1994)). However, "it is settled that '[w]hen there is no prejudice and when fairness dictates, the strictures of [the raise-or-waive] rule may be relaxed.'" <u>Conjugal P'ship</u>, 22 F.3d at 400 (quoting <u>Jakobsen v. Mass. Port Auth.</u>, 520 F.2d 810, 813 (1st Cir. 1975)). "The chronology of the case speaks volumes about the lack of timeliness." <u>Wolf</u>, 71 F.3d at 450 (quoting <u>Correa v. Hosp. San Francisco</u>, 69 F.3d 1184, 1194-95 (1st Cir. 1995)).

Pan Am did not raise the "unforeseen business circumstances" defense in its January 27, 2003, answer (document no. 3), nor was that defense mentioned in the jointly filed March 3, 2003, discovery plan (document no. 6). Rather, Pan Am first mentioned the defense in its objection to the Association's motion for summary judgment (document no. 10), filed approximately thirty days before the close of discovery and ninety days before trial. While "numerous courts have held that '[a]bsent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time,'" <u>DeVito v. Pension Plan of Local 819 I.B.T. Pension Fund</u>, 975 F. Supp. 258,

4

263 (S.D.N.Y. 1997) (quoting Steinberg v. Columbia Pictures Indus., Inc., 663 F. Supp. 706, 715 (S.D.N.Y. 1987)), it has also been held that "failure to plead affirmative defenses until responding to [a] summary judgment motion constitutes waiver of that defense," MCI Telecomm. Corp. v. Ameri-Tel, Inc., 852 F. Supp. 659, 666 (N.D. Ill. 1994) (citing Computer Net. Corp. v. Compmail Sys., Inc., No. 84 C 6813, 1984 WL 2218 (N.D. Ill. July 10, 1985)). Pan Am's position in this case is closer to that of the defendant in MCI than the defendant in DeVito; the "unforeseen business circumstances" defense entered this case not through a motion for summary judgment filed by Pan Am, but in Pan Am's objection to the Association's motion for summary judgment, and at a point when the discovery period was almost over.

Moreover, in all of the cases Pan Am relies upon, the affirmative defense allowed involved the statute of limitations, a defense that often "clearly appears on the face of the complaint." Sanders v. Dep't of Army, 981 F.2d 990, 991 (8th Cir. 1992); see also City of Ft. Lauderdale v. Ross, Saarinen, Bolton & Wilder, Inc., 815 F. Supp. 444, 446 (S.D. Fla. 1992) ("The statute of limitations is ordinarily an affirmative

5

defense, which must be pled and proven by the defendant. But when a complaint shows on its face that the limitations period has run, the defect may be raised by a motion to dismiss."). By contrast, the defense Pan Am seeks to raise is, as Pan Am concedes, highly fact-based. (Def.'s Mem. of Law at 9.) If the defense is highly fact-based, then the Association's response is also likely to be highly fact-based. Allowing Pan Am to introduce a highly fact-based defense thirty days before discovery closed and ninety days before a scheduled trial date would obviously prejudice the Association. Accordingly, Pan Am forfeited the "unforseen business circumstances" by failing to raise it in a timely fashion.

Because Pan Am concedes that it conducted a mass layoff without giving the requisite notice, and because it forfeited its "unforeseen business circumstances" defense, the Association is entitled to judgment as a matter of law that Pan Am violated the WARN Act. What remains, then, is determining the remedy to which the Association's members are entitled.

6

The Association contends that Pan Am waived its opportunity to seek a reduction of its monetary liability based upon good faith. See 29 U.S.C. § 2104(a)(4). The Association is partially correct. Because "good faith is an affirmative defense," Childress v. Darby Lumber, Inc., 357 F.3d 1000, 1007 (9th Cir. 2004), it is subject to the raise-or-waive rule. To the extent Pan Am's good-faith defense rests upon the same factual basis as its "unforeseen business circumstances" defense,[4] Pan Am has forfeited its opportunity to argue that it acted in good faith; it would be unfair at this point to allow Pan Am to assert a highly fact-based defense with regard to which the Association has not had an opportunity to conduct discovery.

Nevertheless, because the Association did have the opportunity for full discovery regarding Pan Am's initially

_____

[4] Pan Am states, in its objection to the Association's motion for summary judgment, that "[i]f this Court finds that Pan Am does not meet the unforeseen business circumstances exception, the facts set forth above [in its discussion of unforeseen business circumstances] nevertheless demonstrate that any failure to comply with WARN notice provisions resulted from a reasonable, good faith error in Pan Am's assessment of whether the Act applied." (Def.'s Mem. of Law at 11 (emphasis added).) Thus, it would appear that Pan Am's "good-faith" argument rests on the same factual bases as its "unforeseen business circumstances" defense.

7

asserted defense – i.e., that it did not, in fact, conduct a mass layoff – it would not be unfair to allow Pan Am to argue, and to attempt to prove, that it believed, in good faith, that it had not conducted a mass layoff.  But that is the extent to which Pan Am may attempt to rely upon the statutory provision allowing for a reduction of monetary liability based upon good faith; it has forfeited the right to argue or prove good faith based upon unforeseen business circumstances.

With regard to the remedy, Pan Am says the court cannot, on summary judgment, award the relief sought by the Association.  It may well be, as Pan Am argues, that the WARN Act remedy provision, 29 U.S.C. § 2104(a)(1), is "susceptible to more than one reasonable interpretation."  Saxion v. Titan-C Mfg., Inc., 86 F.3d 553, 560 (6th Cir. 1996) (quoting Carpenters Dist. Council v. Dillard Dep't Stores, 15 F.3d 1275, 1286 (5th Cir. 1994)).  But the issue in Saxion, the principal case relied on, involved not a question of fact but one of law, namely whether "back pay" awards under the WARN Act include weekends and holidays.  Id. at 558.  In other words, Saxion does not stand for the broad proposition that WARN Act remedies are necessarily fact-driven

8

and therefore unavailable on summary judgment.  Moreover, Pan Am has identified no factual disputes in the record that might preclude relief on summary judgment.  The two substantive issues Pan Am raises – determining the employment status and appropriate back-pay rate for certain flight crew members, and avoiding double recovery – are each questions of law.  Accordingly, there is no factual obstacle to awarding relief, and no apparent need for an evidentiary hearing on the two issues Pan Am raises.

The Association's motion for summary judgment is granted with regard to liability; Pan Am violated the WARN Act by failing to give its employees the statutorily prescribed sixty-day prior notice of a mass layoff.  Because Pan Am violated the WARN Act, the Association's members are entitled to an award of back pay and benefits, as set forth in 29 U.S.C. § 2104(a)(1), with the understanding that Pan Am is entitled to make a case for a good-faith reduction of its monetary liability, subject to the limitation discussed above.

Now confined to the issue of remedy, this case involves two factual questions – the amount of damages, and Pan Am's good

faith – and three legal questions amenable to resolution on paper. First, the Association asserts that the court should order "that, for the purposes of determining eligibility for . . . relief, all flight crew members who received at least 65 hours pay in each of the three months preceding July 7, 2002, should be considered full-time employees." Pan Am disagrees. As neither party has supported its position with legal authority, further briefing is warranted. Second, Pan Am argues that awarding both the value of insurance benefits and the actual costs of medical care received by laid-off employees would give Association members a double recovery. To the extent the Association's request for relief merely mirrors the language of 29 U.S.C. § 2104(a)(1)(B), Pan Am's argument would seem to be incorrect, but both parties shall have an opportunity to fully brief the issue. Third, both parties shall have an opportunity to fully address the issues of prejudgment interest and attorneys' fees.

## Conclusion

For the reasons given, plaintiff's renewed motion for summary judgment is granted as to liability. Regarding damages, the parties shall, within thirty days of the date of this order,

10

brief the three issues identified above: (1) qualification for full-time employment status; (2) potential double recovery; and (3) prejudgment interest and attorneys' fees. The case will remain on the trial calendar for determination of damages and whether Pan Am held a good-faith belief that the layoffs it conducted did not qualify as a "mass layoff" within the meaning of the WARN Act.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

August 23, 2004

cc:  Jerry D. Anker, Esq.
     R. Matthew Cairns, Esq.
     Andrew W. Serell, Esq.

11