Appell v. Giaccone, et al.          CV-96-060-M    12/11/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Leonard Appell

     v.                                        Civil No. 97-60-M

Nicholas Giaccone, Christopher O'Connor,
and Town of Hanover, New Hampshire

**O R D E R**

The plaintiff, Leonard Appell, brought this action under
state and federal law alleging false arrest, malicious
prosecution, and municipal liability against the defendants,
Nicholas Giaccone and Christopher O'Connor, in their official and
individual capacities, and the Town of Hanover, New Hampshire.
Before the court is the defendants' motion to dismiss for failure
to state a claim upon which relief can be granted pursuant to
Fed. R. Civ. P. 12(b)(6) (document no. 8).

Background[1]

On August 18, 1993, the plaintiff attempted to inspect
certain property for his brother.  When he arrived at the
property, the plaintiff was met by Nicholas Giaccone, a police
officer employed by the Town of Hanover.  After speaking with the
plaintiff, Giaccone phoned Christopher O'Connor, also a police
officer employed by the Town of Hanover.  At O'Connor's
direction, Giaccone arrested the plaintiff for criminal trespass

———————————

[1]The facts relevant to the instant motion have been alleged
by the plaintiff.

(in violation of a court order).  O'Connor prosecuted the case against the plaintiff, who was acquitted on all charges in June 1994.

The plaintiff asserts that Giaccone's and O'Connor's acts were willful, wanton, malicious, and in bad faith, and were made in an effort to assist a complaining witness, Fleet Bank New Hampshire, which the plaintiff asserts subsidized the costs of his prosecution.  The plaintiff also contends that the Town of Hanover maintained policies of (1) allowing officers to make arrests without probable cause to service influential private parties; (2) allowing police officers without legal training to prosecute misdemeanor cases, thereby creating a conflict of interest and breaching the prosecutor's duty to review all cases independently; and (3) promulgating no rules or restrictions preventing a complaining witness in a criminal case from subsidizing the costs of and exerting improper influence over the prosecution.

On February 10, 1997, the plaintiff filed an action pursuant to 42 U.S.C. § 1983 against the defendants, alleging false arrest, malicious prosecution, and municipal liability in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.  The plaintiff also brings several claims under New Hampshire law.[2]  The defendants

_____

[2]The plaintiff asserts state law claims of intentional false arrest and imprisonment; intentional and negligent infliction of emotional distress; malicious prosecution; negligent hiring, training, and supervision; and respondeat superior liability.

2

have moved to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting, inter alia, that (1) the plaintiff's false arrest claims are barred by the statute of limitations; (2) O'Connor, against whom the plaintiff's malicious prosecution claims are made, is entitled to absolute prosecutorial immunity; and (3) the plaintiff's municipal liability claims under section 1983 must fail because the plaintiff has failed to identify any municipal policy that caused the deprivation of his rights, and because the plaintiff's claims for municipal liability based on false arrest and malicious prosecution are barred by the statute of limitations and the doctrine of prosecutorial immunity, respectively.

## Discussion

Although the defendants have moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, the defendants have already filed an answer to the plaintiff's complaint, and consequently, the pleadings have closed under Federal Rule of Civil Procedure 7(a). As such, the court will treat the defendants' motion to dismiss as a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(c).

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as the standard for

evaluating a Rule 12(b)(6) motion.  See Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 470 n.2 (7th Cir. 1997). In both cases, the court's inquiry is a limited one, focusing not on "whether a plaintiff will ultimately prevail but whether [he or she] is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (motion to dismiss under Fed. R. Civ. P. 12(b)(6)).  In making its inquiry, the court must accept all of the factual averments contained in the complaint as true, and draw every reasonable inference in favor of the plaintiffs.  See Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992) (Rule 12(b)(6) motion); Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (Rule 12(c) motion).  Great specificity is not required to survive a Rule 12 motion.  "[I]t is enough for a plaintiff to sketch an actionable claim by means of 'a generalized statement of facts.'"  Garita, 958 F.2d at 17 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990)).  In the end, the court may not enter judgment on the pleadings unless it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief.'" Santiago de Castro, 943 F.2d at 130 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988).

A.    Section 1983 Claims Arising from Arrest

The defendants contend that the plaintiff's first claim under section 1983, in which he alleges that his rights to privacy and to be free from unreasonable seizure were violated when Giaccone and O'Connor arrested him without probable cause, is analogous to a claim for false arrest and therefore is barred by the statute of limitations. The plaintiff asserts that the action is timely because his claim did not accrue at the time of the arrest, but sometime later, when the state proceedings terminated in his favor.

The law of the forum state provides the appropriate statute of limitations in section 1983 claims for personal injury. See Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 2 (1st Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 276-280 (1985)). In New Hampshire, the statute of limitations for personal injury claims is (and was in 1993) three years. See N.H. Rev. Stat. Ann. ("RSA") § 508:4 (1997). However, federal law determines when a section 1983 claim accrues, and it provides that such a claim does not accrue until the plaintiff "knows or has reason to know of the injury which is the basis of the cause of action." Calero-Colon, 68 F.3d at 3 (quotation omitted). To determine when a plaintiff knew or had reason to know of the alleged injury, the court must "look to the common law cause of action most closely analogous to the right at stake," id. (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994)), and identify the constitutional right allegedly infringed, see id. (citing Albright v. Oliver, 510 U.S. 266, 271 (1994)).

5

Here, plaintiff's first section 1983 claim is most closely analogous to, and is in fact styled in his complaint as, a claim for false arrest. Indeed, plaintiff alleges that he was arrested by the individual defendants without probable cause. This assertion implicates plaintiff's rights under the Fourth Amendment. See Albright v. Oliver, 510 U.S. 266, 273 (1994). Thus, the date of accrual turns on the date the plaintiff knew or should have known of his injury, in this case the violation of his Fourth Amendment rights through his false arrest. Because a plaintiff has reason to know of all the elements of a false arrest claim on the date of his arrest, see Calero-Colon, 68 F.3d at 3 & n.6; Rose v. Bartle, 871 F.2d 331, 351 (3d Cir. 1989); McCune v. City of Grand Rapids, 842 F.2d 903, 906 (6th Cir. 1988), the plaintiff had until August 18, 1996, three years after the date of his arrest, to file a complaint on these grounds. Having failed to file until February 10, 1997, his section 1983 false arrest claim is barred by the statute of limitations.

B.   Section 1983 Claims Arising from Prosecution for Trespass

The defendants next contend that count two of the plaintiff's complaint, which alleges that O'Connor violated the plaintiff's rights to due process of law, personal privacy, and freedom from unreasonable seizure by prosecuting him maliciously and without probable cause, must be dismissed because O'Connor's

6

actions are protected under the doctrine of absolute prosecutorial immunity.[3]

A public official performing prosecutorial functions is entitled to absolute immunity under federal law for conduct performed in the official's "'role as advocate for the [s]tate.'" Guzman-Rivera v. Rivera-Cruz, 55 F.3d 26, 29 (1st Cir. 1995) (quoting Burns v. Reed, 500 U.S. 478, 491 (1991)). Absolute immunity does not reach acts that are merely investigatory or administrative in nature; rather, such immunity attaches only to conduct that is "intimately associated with the judicial phase of the criminal process." Id. (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Because the determination of whether an official is entitled to prosecutorial immunity does not depend on the official's title, but rather, the conduct that forms the basis of the plaintiff's cause of action, police officers are protected by prosecutorial immunity to the extent that they perform prosecutorial functions as advocates for the state. See Guzman-Rivera, 55 F.3d at 29; Malachowski v. City of Keene, 787 F.2d 704, 712 (1st Cir. 1986)).

In count two of the complaint, plaintiff seeks to hold O'Connor liable for prosecuting him. In fact, the plaintiff has styled count two of his complaint as one for malicious prosecution under section 1983. Thus, the claim focuses on

---

[3]The defendants do not assert that the plaintiff's malicious prosecution claims pursuant to section 1983 are not actionable due to New Hampshire's recognition of the tort of malicious prosecution. See Reid v. New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995).

O'Connor's performance of prosecutorial functions, and is barred by the doctrine of absolute prosecutorial immunity.[4]  Generally, elements of a malicious prosecution claim relate to the plaintiff's court proceeding, while elements of a false arrest claim typically relate to the plaintiff's confinement.  <u>See</u> <u>Calero-Colon</u>, 68 F.3d at 3 nn.5-6.[5]

C.    <u>Municipal Liability</u>

A municipal liability claim under section 1983 must allege that a municipal policy, custom, or practice caused, or was a moving force behind, a deprivation of the plaintiff's constitutional rights.  <u>McCabe v. Life-Line Ambulance Service, Inc.</u>, 77 F.3d 540, 544 (1st Cir.) (citing <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 819 (1985) and <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 694 (1978)), <u>cert. denied</u>, 117 S.Ct. 275 (1996).  Thus, factual allegations that, if proven, would show a municipal policy caused a violation of a plaintiff's constitutional rights state a claim under section 1983.  However, to maintain the claim, where as here "a plaintiff seek[s] to

---

[4]The plaintiff argues that an absolute immunity defense is precluded because O'Connor, acting in his capacity as a police officer, arrested the plaintiff without probable cause.  It is true that "prosecutors . . . not acting as advocates for the state, but in an 'entirely investigative' capacity," are not entitled to absolute immunity.  <u>Guzman-Rivera</u>, 55 F.3d at 30 (quoting <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 274 (1993)).  However, to the extent that the conduct attributed to O'Connor in count two of the complaint is investigative in nature and therefore not protected by absolute immunity, it is only relevant to the plaintiff's false arrest claim under section 1983,

which, as noted <u>supra</u>, is barred by the statute of limitations.

8

establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights[, the plaintiff] must demonstrate that the municipal action was taken with 'deliberate indifference' to its known or obvious consequences." Board of the County Comm'rs v. Brown, 117 S. Ct. 1382, 1390 (1997) (emphasis added) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989))).

To the extent the municipal policies alleged by the plaintiff led to the denial of his right to be free from unreasonable seizure, they are barred by the applicable statute of limitations. As noted supra, "[s]ection 1983 claims accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action." Calero-Colon, 68 F.3d at 3 (quotation marks omitted). Here, the injury that forms the basis of the plaintiff's false arrest claims under section 1983, whether asserted against the individuals responsible for his arrest or the municipality whose policies are alleged to have led thereto, is the deprivation of his Fourth Amendment rights. Because the plaintiff knew or should have known that this deprivation occurred when he was arrested, his municipal liability claims arising out of the arrest are also barred by the statute of limitations.

As to the plaintiff's municipal liability claims arising out of the town's policy of permitting police officers to prosecute misdemeanor cases and its alleged policy or custom of allowing complaining witnesses to subsidize prosecutions, defendants move

9

to dismiss on grounds that the allegations are conclusory and fail to state a claim of constitutional harm. Unless a complaint is so facially deficient as to lack sufficient notice of a claim and its grounds, a defendant's attack on the merits of a section 1983 claim is more appropriately addressed in a motion for summary judgment. Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168-69 (1993). Although plaintiff's allegations against Hanover may push to the limits even the minimal requirements of notice pleading, they are sufficient to avoid judgment on the pleadings. The remaining municipal liability claims would be better addressed in a motion for summary judgment where the sufficiency of plaintiff's factual proof of Hanover's policies, customs, and deliberate indifference is at issue. See, e.g., Britton v. Maloney, 901 F. Supp. 444, 452-53 (D. Mass. 1995).

To the extent that Hanover also contends that plaintiff's allegations concerning its policies fail to state a claim as a matter of law because no constitutional harm is alleged or can be proven, that contention must fail. Plaintiff does broadly invoke many constitutional rights and the issue of proof cannot be resolved on the pleadings. If Hanover intended to show that the facts alleged do not constitute a constitutional injury as a matter of law, then that contention must fail because its presentation of the legal issue is insufficient to support judgment on the pleadings.

10

D.    State Law Claims

Plaintiff alleges state law claims against defendants O'Connor, Giaccone, and Hanover based on his arrest and prosecution.  As the arrest occurred more than three years before plaintiff filed his complaint, his state law claims against all defendants arising from the arrest are barred by the statute of limitations.  See RSA § 508:4, I.  Plaintiff's claims against O'Connor based on his conduct as a prosecutor are barred by prosecutorial immunity.  See Belcher v. Paine, 136 N.H. 137, 143-47 (1992).

Plaintiff's claim, presented in a single sentence, against Hanover alleging negligent hiring, training, and supervision of "Hugel" and "Does" does not include sufficient facts to notify Hanover of the claim alleged.  Plaintiff does not identify "Hugel" or "Does" or allege any actions by them or explain in what context Hanover's alleged negligence harmed him.  At best, this one-sentence allegation gives a "general scenario" that is "dominated by unpleaded facts" and thus is insufficient to state a claim.  Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982); accord Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).  Accordingly, Hanover is entitled to judgment on pleadings as to the negligent hiring claim.

Defendant Hanover argues that the respondeat superior claim against Hanover based on O'Connor's prosecution of plaintiff is barred by prosecutorial immunity.  Hanover cites no authority in support of its argument.  Whether, under New Hampshire law, a

11

respondeat superior claim is viable despite the employee's or agent's immunity seems to be our open question. A cursory review has not found any applicable New Hampshire law on point and has demonstrated that other states have reached different conclusions on the issue. See, e.g., S.J.S. v. Faribault County, 556 N.W.2d 563 (Minn.Ct.App. 1992); Roy v. City of Everett, 823 P.2d 1084, 1094 (Wash. 1992) (dissent); Taplin v. Town of Chatham, 453 N.E.2d 421, 423 (Mass. 1983) (collecting cases). Since Hanover has not shown that plaintiff cannot maintain his respondeat superior claim under New Hampshire law, judgment on the pleadings must be denied.[6]

Conclusion

For the foregoing reasons, the court grants in part and denies in part the defendants' motion for judgment on the pleadings (document no. 8). Judgment is granted on all claims in favor of defendants, O'Connor and Giaccone, and is granted as to Hanover on the state law respondeat superior claim based on allegations of false arrest and the negligence claim pertaining to "Hugel" and "Does." Judgment is denied as to Hanover on the section 1983 claims and state law respondeat superior claim based on O'Connor's prosecution of plaintiff.

**SO ORDERED.**

_____

[6]As Hanover has not addressed municipal immunity under state law or any other defenses in its motion, the court does not explore other potential grounds for dismissing the claims.

_____
Steven J. McAuliffe
United States District Judge

December 11, 1997

cc:   Leonard Appell
      Charles P. Bauer, Esq.