*The judgment of the district court is affirmed. Costs are awarded to appellee.*

**Ramonita SANTIAGO de CASTRO,**
**Plaintiff, Appellant,**

v.

**Victor MORALES MEDINA,**
**Defendant, Appellee.**

**No. 90–1635.**

United States Court of Appeals,
First Circuit.

Heard Nov. 7, 1990.

Decided Aug. 29, 1991.

Victor E. Baez, with whom Rosalinda Pesquera Davila and Elias Davila Berrios, were on brief for plaintiff, appellant.

Anabelle Rodriguez, Asst. Sol. Gen., with whom Jorge E. Perez–Diaz, Sol. Gen., and Norma Cotti–Cruz, Deputy Sol. Gen., were on brief for defendant, appellee.

Before CAMPBELL, TORRUELLA and CYR, Circuit Judges.

CYR, Circuit Judge.

Ramonita Santiago de Castro, a tenured high school teacher at the Trina Padilla de Sanz Public High School in Puerto Rico, appeals from the judgment dismissing her civil rights action against her immediate supervisor, appellee Victor Morales Medina. The district court granted judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), on the ground that the complaint failed to state a claim on which relief could be granted under 42 U.S.C. § 1983. 737 F.Supp. 729. We affirm.

I

DISCUSSION

Under rule 12(c) the district court "must accept all of the non-movant's well-pleaded factual averments as true and draw all reasonable inferences in h[er] favor," *Rivera–Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir.1988) (citations omitted); and even then judgment may not be entered on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief," *id.* (quoting *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir.1977) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957))). A grant of judgment on the pleadings is subject to plenary review. *International Paper Co. v. Jay*, 928 F.2d 480, 482 (1st Cir.1991).

According to the complaint, between August 1, 1988, and February 6, 1989, appellant was "directly, continuously and consistently harassed ... in many ways" by her supervisor, Morales. Among its more specific allegations, the complaint charges that Morales: berated appellant in the presence of her students; ordered her, in a "crass and gross tone," to admit a student she had turned away from her class; rendered an oral evaluation (which he refused to put in writing) that appellant was not a good teacher; and made repeated calls to appellant's co-workers "defaming Santiago and creating an uncomfortable environ-

ment for her to work." As a result of such "harassment," appellant avers that she became ill with "an anxiety disorder with depressive characteristics related to her employment" and that she has "suffered extreme mental anguish ... humiliation, fear, apprehension, anxiety and other deep and long-lasting moral, mental and spiritual damages." The complaint does not allege loss of employment as a career teacher, nor does it allege a diminution of her employment benefits or responsibilities.

"The first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'.... Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 140 & 146, 99 S.Ct. 2689, 2692 & 2695, 61 L.Ed.2d 433 (1979). Appellant's claim is that she has been deprived of a property right protected under the substantive component of the Due Process Clause. She asserts that the property interest upon which she relies stems from the Puerto Rico Constitution: "The right of every employee to choose h[er] occupation freely and to resign therefrom is recognized, as is h[er] right ... to protection against risks to h[er] health or person in h[er] work or employment...." *P.R. Const.*, art. II, § 16. She asserts that her alleged property interest under the Constitution of Puerto Rico is entitled to substantive due process protection under the United States Constitution pursuant to *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

The history of the substantive due process doctrine indicates that it is to be applied with "caution and restraint." *Moore v. East Cleveland*, 431 U.S. 494, 502, 97 S.Ct. 1932, 1937, 52 L.Ed.2d 531 (1977) (plurality opinion, Powell, J.). *See also Amsden v. Moran*, 904 F.2d 748, 754 (1st Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991) (referring to the "circumscribed precincts patrolled by substantive due process"). "The doctrine of substantive due process 'does not protect individuals from all [govern-

mental] actions that infringe liberty or injure property in violation of some law.'" *PFZ Properties, Inc. v. Rodriguez,* 928 F.2d 28, 31 (1st Cir.1991) (quoting *Committee of U.S. Citizens in Nicaragua v. Reagan,* 859 F.2d 929, 943 (D.C.Cir.1988)). Thus, the Supreme Court has never suggested that the constitutional safeguards accorded under the substantive component of the Due Process Clause embrace all state-created property interests entitled to procedural due process protection. *See Regents of University of Michigan v. Ewing,* 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985) ("While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), substantive due process rights are created only by the Constitution.") (Powell, J., concurring).

Appellant's reliance on *Roth,* a procedural due process case, is mistaken. As we recently stated, in the realm of substantive due process "it is only when some *basic and fundamental principle* has been transgressed that 'the constitutional line has been crossed.'" *Amsden,* 904 F.2d at 754 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)) (emphasis added); *see also Michael H. v. Gerald D.,* 491 U.S. 110, 122, 109 S.Ct. 2333, 2341, 105 L.Ed.2d 91 (1989) (plurality opinion) (substantive due process "affords only those protections 'so rooted in the traditions and conscience of our people as to be ranked as fundamental'"); *Mangels v. Pena,* 789 F.2d 836, 839 (10th Cir.1986) ("Rights of substantive due process are founded not upon state provisions but upon deeply rooted notions of fundamental personal interests derived from the Constitution.").

■ We have discovered no direct or analogous support for appellant's contention that, important as it is, her right to pursue her employment free from emotional health risks resulting from her supervisor's verbal harassment warrants substan-

tive due process protection under the United States Constitution. *See Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.1991) (emotional injury caused solely by verbal harassment generally insufficient to constitute invasion of protected liberty interest) (suit brought in behalf of children alleging that policeman's threat against parent, communicated to children, was violative of right to "family associational privacy"); *cf. Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir.1989) (policeman's threat, "I am going to get you," "not an actual infringement of a constitutional right," thus not actionable under § 1983); *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (verbal harassment consisting of sheriff's threat to "hang" prisoner, states no constitutional deprivation actionable under § 1983).

Adoption of the position advocated by the appellant would not only "make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States," *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976), but would embroil federal courts in everyday workplace disputes between employers and their employees, *see Agosto–de–Feliciano v. Aponte–Roque,* 889 F.2d 1209, 1216–17 (1st Cir.1989) ("we should discourage employees from drawing the courts into the day-to-day operations of government" through the adoption of too low a "threshold for an actionable constitutional violation . . . .") (politically-motivated harassment).

■ The present complaint might be interpreted, alternatively, as asserting a substantive due process violation based on the theory that the conduct of appellee Morales "shocks the conscience." *See Pittsley,* 927 F.2d at 6 (alternate tests for analyzing substantive due process claim: (1) as violation of specific property or liberty interest, or (2) as conduct which "shocks the conscience"). *See also Amsden,* 904 F.2d at 754 (substantive due process violation obtains when state action in and of itself is "egregiously unacceptable, outrageous, or conscience-shocking"). Offensive conduct is not conscience-shocking, however, in a

**132**

substantive due process sense, merely because it trespasses on "some fastidious squeamishness or private sentimentalism," *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952). Nor can we reasonably conclude that the indignities to which appellant allegedly was subjected, however undeserved, were either sufficiently "'close to the rack and the screw,'" *id.*, or "egregiously unacceptable [or] outrageous ...," *Amsden*, 904 F.2d at 754.

*The judgment of the district court is affirmed; costs to appellee.*