O'Neill v. Valley Reg. Health Care    CV-00-441-JD  03/21/01

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Helen M. O'Neill

        v.                              Civil No. 00-441-JD
                                        Opinion No. 2001 DNH 054
Valley Regional Health
Care, Inc. et al.


                            O R D E R


     The plaintiff, Helen M. O'Neill, brings age discrimination
claims under the Age Discrimination in Employment Act, 29
U.S.C.A. § 631, et seq., and New Hampshire Revised Statutes
Annotated ("RSA") 354-A, and five related state claims against
her former employers and supervisor.  The defendants move to
dismiss the claim under RSA 354-A and four of the plaintiff's
state law claims.  The plaintiff objects.


                      Standard of Review

     Where, as here, the defendant has filed an answer, a motion
to dismiss is more properly considered as a motion for judgment
on the pleadings.  "After the pleadings are closed but within
such time as not to delay the trial, any party may move for
judgment on the pleadings."  Fed. R. Civ. P. 12(c).  When
considering a motion for judgment on the pleadings, the "court
must accept all of the nonmoving party's well-pleaded factual

averments as true and draw all reasonable inferences in [her] favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

## Discussion

Helen O'Neill was employed by Valley Regional Health Care, Inc. and Valley Regional Hospital, Inc., beginning in February of 1990, first as a nurse, then as a supervisor, and finally as director of patient care services.[1] The Hospital had personnel rules and policies that provided express and implied terms and conditions of O'Neill's employment. Defendant Gerald Ellsworth was appointed director of nurses in 1998. Ellsworth began efforts to force O'Neill from her job by demoting her, subjecting her to public ridicule and humiliation, and making false claims

---

[1] Valley Regional Health Care, Inc. and Valley Regional Hospital, Inc. will be referred to collectively as the Hospital unless it is necessary to distinguish between them. The complaint does not explain the relationship between the defendants.

and statements to her subordinates and others. O'Neill was forced into an involuntary retirement in January of 1999.

O'Neill brought suit alleging that the Hospital discriminated against her based on her age, breached its employment agreement with her, and breached the implied duty of good faith and fair dealing. She brought claims of defamation, invasion of privacy, and interference with contractual relations against Ellsworth. The Hospital moves to dismiss O'Neill's claim brought under RSA 354-A and her claims for breach of the implied covenant of good faith and fair dealing, defamation, false light invasion of privacy, and interference with contractual relations.

A. Age Discrimination Claim under RSA 354-A

O'Neill claims that the Hospital discriminated against her because of her age in violation of RSA 354-A:7, actionable under RSA 354-A:21-a. The Hospital moves to dismiss the claim, contending that it is exempt from compliance with RSA 354-A as not-for-profit or charitable organizations pursuant to RSA 354-A:2,VII.

The complaint does not include allegations pertaining to the Hospital's status as a not-for-profit or charitable organization. In her objection, O'Neill contests the Hospital's assertion of charitable status. Since the issue of the Hospital's status

raises matters that cannot be resolved based on the allegations in the complaint, it is not appropriate for resolution in a motion for judgment on the pleadings. See Santiago de Castro, 943 F.2d at 130.

B. Implied Covenant of Good Faith and Fair Dealing

O'Neill alleges a claim against the Hospital for breach of the implied covenant of good faith and fair dealing based on an employment agreement arising from the Hospital's personnel rules and policies. See, e.g., Butler v. Walker Power, Inc., 137 N.H. 432, 435-36 (1993); Panto v. Moore Bus. Forms, Inc., 130 N.H. 730, 735 (1988). Ignoring O'Neill's allegations of an employment agreement, the Hospital argues that O'Neill has failed to state a claim for breach of the implied covenant of good faith and fair dealing in the context of at-will employment. For purposes of the motion, O'Neill's allegations are accepted as true. Since the Hospital did not address the claim as it is alleged, the motion is denied.

C. Defamation Claim

O'Neill alleges that Ellsworth defamed her by making and repeating false statements about her job performance to her subordinates and others. Ellsworth moves to dismiss for failure

4

to allege sufficient facts to support a claim of defamation.

Under New Hampshire law, "[t]o establish defamation, there must be evidence that a defendant failed to exercise reasonable care in publishing, without a valid privilege, a false and defamatory statement of fact about the plaintiff to a third party." Indep. Mech. Contractors, Inc. v. Gordon T. Burke & Sons, Inc., 138 N.H. 110, 118 (1993). Relying on Massachusetts defamation law rather than the law of New Hampshire, which is the governing law for the claim, Ellsworth argues that a heightened pleading standard requires O'Neill to plead the precise statements that are alleged to be defamatory. See Chiara v. Dizoglio, 81 F. Supp. 2d 242, 247 (D. Mass. 2000); see also Dorn v. Astra USA, 975 F. Supp. 388, 395-96 (D. Mass. 1997). Ellsworth has not shown that a heightened pleading standard is required under either the governing substantive law or the federal rules. Therefore, the court will not apply the heightened pleading standard Ellsworth asserts.

O'Neill alleges in support of her defamation claim that Ellsworth made false statements about her job performance to her subordinates at work. Despite their brevity, O'Neill's allegations are sufficient to meet the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to state a claim for defamation under New Hampshire law. See, e.g.,

5

DeSalle v. Key Bank of Southern Me., 685 F. Supp. 282, 283 (D. Me. 1988).

D.  False Light Invasion of Privacy

O'Neill alleges that Ellsworth's statements about her to her supervisors and subordinate employees were false and demeaning and presented her in a false light.  The New Hampshire Supreme Court has addressed the tort of false light invasion of privacy only in dicta.  See Hamberger v. Eastman, 106 N.H. 107, 110 (1964).  This court has predicted that New Hampshire law would apply the elements of the tort which are provided in the Restatement (Second) of Torts § 652 (1977), as have other jurisdictions.[2]  See, e.g., Young v. Plymouth State Coll., 1999 WL 813887, at *14 & n.9 (D.N.H. Sept. 21, 1999).  Ellsworth contends that O'Neill has not alleged sufficient publicity of the allegedly false statements to constitute false light invasion of privacy.

The publicity element of false light invasion of privacy is

_____

[2]Section 652 describes the tort of false light invasion of privacy as "[o]ne who falsely gives publicity to a matter concerning another that places the other in a false light . . . if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."

defined as making a matter public "by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Restatement (Second) of Torts § 652D cmt. a. (1977); accord Moore v. Big Picture Co., 828 F.2d 270, 273 (5th Cir. 1987); Robinson v. Caronia Corp., 92-306-B, at *26 (D.N.H. Jan. 4, 1996). Courts that have interpreted the publicity requirement in the context of employment cases have decided that communications within the workplace among employees or to supervisors or officers of the employer do not constitute publicity. See, e.g., Frobose v. Am. Sav. & Loan Ass'n, 152 F.3d 602, 617-18 (7th Cir. 1998); Grossman v. Computer Curriculum Corp., 2000 WL 33180431, at *9 (D. Conn. Sept. 29, 2000); Jones v. Sabis Educ. Sys., Inc., 1999 WL 1206955, at *8 (N.D. Ill. Dec. 13, 1999); Robinson, supra.

In this case, O'Neill alleges "Ellsworth publicized these false, demeaning and highly offensive accusations by conveying them to a substantial number of third parties which included the plaintiff's subordinate employees as well as plaintiff's supervisors at the hospital." Compl. ¶ 46. Given the highly deferential standard applicable to a motion for judgment on the pleadings, the court must take O'Neill's allegations as true and draw reasonable inferences in her favor. Therefore, since it may

7

be inferred from O'Neill's allegations that Ellsworth made false light statements to third persons outside of the workplace community, O'Neill's claim cannot be dismissed for lacking allegations of publicity.

E.   Intentional Interference with Contractual Relations

Under New Hampshire law, a claim of tortious interference with contractual relations requires proof "that the plaintiff had a contractual relationship with a third party; that the defendants knew of the contractual relationship between the plaintiff and the third party; and that the defendants wrongfully induced the third party to breach his agreement with the plaintiff." Barrows v. Boles, 141 N.H. 382, 392-93 (1996). In the context of interference with an employment contract by a fellow employee, an employer may be a third party only if the fellow employee was acting outside the scope of his employment. See Preyer v. Dartmouth Coll., 968 F. Supp. 20, 26 (D.N.H. 1997); Alexander v. Fujitsu Bus. Comm., 818 F. Supp. 462, 470 (D.N.H. 1993); Soltani v. Smith, 812 F. Supp. 1280, 1297 (D.N.H. 1993). An employee may be found to be acting outside the scope of his employment if he "'is motivated by actual malice, where actual malice is defined as bad faith, personal ill will, spite, hostility or a deliberate intent to harm the plaintiff.'"

8

<u>Preyer</u>, 968 F. Supp. at 26 (quoting <u>Soltani</u>, 812 F. Supp. at 1297).

O'Neill alleges that Ellsworth interfered with her contractual relations as an employee of the Hospital and that he "was motivated by actual malice, bad faith, personal ill will, spite, hostility and deliberate intent to harm the plaintiff." Compl. ¶ 50. O'Neill also alleges, however, that "Ellsworth, acting in the course and scope of his employment and with the knowledge and acquiescence of the defendants, began an effort to force the plaintiff from her position by a course of action which included a series of demotions, public ridicule and humiliation . . . ." <u>Id.</u> ¶ 14. Therefore, in order to read O'Neill's complaint without internal contradiction, she alleges that Ellsworth was acting within the scope of his employment when he interfered with her employment relationship with the Hospital although he was also motivated by actual malice. Under those circumstances, the Hospital is not a third party for purposes of O'Neill's interference with contractual relations claim, and that claim must be dismissed.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (deemed a motion for judgment on the pleadings) (document no. 4) is granted with respect to the plaintiff's claim for intentional interference with contractual relations, Count VII, and is otherwise denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

March 21, 2001

cc:  Craig L. Staples, Esquire
     Kathleen C. Peahl, Esquire

10