Farwell v. Town of Brookline, et al.  CV-00-086-M   05/29/01
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Clarence Farwell,
      Plaintiff

      v.                                    Civil No. 00-86-M
                                            Opinion No. 2001 DNH 101
Town of Brookline, Town of Hollis,
Town of Pepperell, Deborah Clark,
David Turgeon, Steven Desilets,
and Richard Darling,
      Defendants


**O R D E R**


      Clarence Farwell brings this action seeking damages for
alleged violations of his constitutional rights.  See 42 U.S.C.
§ 1983.  As to the individual defendants, he says they unlawfully
arrested him and, in so doing, used excessive force.  As to the
municipal defendants, he alleges they either implemented or
tolerated customs and policies that proximately lead to the
injuries he claims to have sustained.  He also brings state
common law claims for negligence, assault and battery, and
defamation, against various defendants and over which he says the
court may properly exercise supplemental jurisdiction.

By prior order, the court dismissed, without prejudice, Farwell's unreasonable seizure and respondeat superior claims against all municipal defendants (counts 1 and 2 of the original complaint).  See Order dated October 20, 2000 (document no. 19). It also dismissed his failure-to-train claim against the towns of Pepperell and Milford.  As to the towns of Hollis and Brookline, however, the court concluded that the original complaint adequately alleged the essential elements of a viable municipal liability claim (i.e., failure to train) under 42 U.S.C. § 1983.

Farwell was then afforded 30 days within which to amend his complaint and, if possible, cure the deficiencies identified by the court.  He has since availed himself of that opportunity and filed an amended complaint.  In response, the Town of Pepperell again moves for judgment on the pleadings, saying Farwell's amended complaint fails to adequately allege the essential elements of viable causes of action.  See Fed. R. Civ. P. 12(c). Farwell objects.

## Discussion

The relevant facts underlying the parties' dispute are described in detail in the court's recent order in a companion case, in which Marcia Farwell brings substantially similar claims against the same defendants for injuries arising out of the same events at issue in this case. See Farwell v. Town of Brookline, et al., No 00-89-M (D.N.H. October 20, 2000). Accordingly, those facts need not be recounted here.

I.   Farwell's Federal Claims.

The Town of Pepperell says that "Counts I and II must be dismissed because the plaintiff fails to show that his injuries were caused by a municipal policy or custom." Defendant's memorandum (document no. 24) at 3. The court disagrees. The amended complaint specifically addresses the deficiencies previously identified by the court. In it, as to each municipal defendant Farwell alleges: (1) a municipal policy-maker adopted a policy and/or allowed a custom to develop; (2) the challenged custom and/or policy proximately caused the constitutional violations of which Farwell complains; and (3) the policy-maker acted with deliberate indifference or willful blindness to the

3

strong likelihood that the unconstitutional conduct of which Farwell complains would result from implementation and/or tolerance of that custom or policy.  With specific regard to the Town of Pepperell, Farwell alleges that two of the Town's police officers unreasonably (and unlawfully) tackled him from behind and restrained him while an officer from Hollis pepper sprayed him.  Amended complaint at paras. 24, 29.

Like a motion to dismiss, a motion for judgment on the pleadings may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  See Gaskell v. The Harvard Cooperative Society, 3 F.3d 495, 497-98 (1st Cir. 1993); Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991).  Consequently, at this juncture, the court is not called upon to determine whether Farwell can muster sufficient evidence to prove each of the essential elements of his municipal liability claim; the question presented is simply whether he has adequately alleged each of the essential elements of a viable cause of action.  He has done so and if he is able to prove each of those

4

elements, he is entitled to relief. Accordingly, the Town of Pepperell's motion must be denied as to counts 1 and 2.


II. <u>Farwell's Assault and Battery Claim</u>.

As to Farwell's sole state law claim against it, the Town of Pepperell says it is entitled to judgment since Farwell failed to comply with the state law notice requirements set forth in N.H. Rev. Stat. Ann. ("RSA") 507-B:7. That statute provides, in pertinent part:

> No actions [sic] shall be maintained against the governmental unit under this chapter unless the same is commenced within 3 years after the time of injury or damage . . . As a condition precedent to commencement of the action, the clerk of the governmental unit shall be notified by registered mail within 60 days after the time of the injury or damage or discovery of the injury or damage . . . as to the date, time and location where the injury or damage occurred . . . .

RSA 507-B:7. The Town of Pepperell says Farwell failed to give it timely written notice of his alleged injuries and, therefore, is barred from pursuing his claims against it. Importantly, however, that statute also provides that, in cases such as this, "where lack of written notice, <u>actual knowledge or reasonable opportunity to obtain knowledge</u> of any injury or damage within

5

the 60-day period is alleged by the governmental unit, the burden of proof shall be on the governmental unit to show that it was substantially prejudiced thereby." Id. (emphasis supplied). That statutory language suggests that, in addition to written notice, actual notice or even a reasonable opportunity to acquire actual notice, may be sufficient. At a minimum, it plainly provides that when a municipality has not been provided written notice and lacks actual notice (or a reasonable opportunity to acquire actual notice), it must then demonstrate substantial prejudice, before the bar will take effect.

In his amended complaint, Farwell specifically alleges that the municipal defendants, including the Town of Pepperell, had or should have had actual knowledge of his injuries within the statutory 60-day period. He also says that those defendants were not substantially prejudiced by his failure to give them written notice of his injuries. Amended complaint, at para. 35. Consequently, under New Hampshire's statutory scheme, the burden of proof shifts to the municipal defendants, which must demonstrate that they were "substantially prejudiced thereby." RSA 507-B:7. The Town of Pepperell has not alleged any prejudice

flowing from Farwell's failure to provide timely written notice of his claimed injuries. And, whether it can make such a showing is an issue more properly addressed in the context of a motion for summary judgment.

## Conclusion

For the foregoing reasons, the Town of Pepperell's motion for judgment on the pleadings (document no. 24) is denied. Farwell's amended complaint adequately alleges the essential elements of viable municipal liability claims under 42 U.S.C. § 1983 and the Town of Pepperell has failed to demonstrate that Farwell's state common law claim against it is barred by RSA 507-B:7.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

May 29, 2001

cc: Kenneth G. Bouchard, Esq.
    Donald E. Gardner, Esq.
    Michael B. O'Shaughnessy, Esq.

7