Cadegan v. McCarron                    CV-00-540-JD  06/25/01
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Leah Cadegan, et al.

      v.                              Civil No. 00-540-JD
                                      Opinion No. 2001 DNH 119
Joseph McCarron, et al.


                            O R D E R


     The plaintiffs, a group of eight present or former employees
of three related nursing homes, bring an action against four
individuals and two insurance companies, alleging violations of
the Employee Retirement Income Security Act ("ERISA"), 29
U.S.C.A. §§ 1103-06, and related state law claims.  The claims
against American National Insurance Company were dismissed on
June 6, 2001.  The other defendant insurance company, Boston
Mutual Insurance Co., Inc., also moves to dismiss the claims
brought against it.  The plaintiffs agree that the state claims
should be dismissed, but object to dismissal of the ERISA claim.


                        Standard of Review

     When, as here, the defendants have filed an answer, a motion
to dismiss is more properly considered as a motion for judgment
on the pleadings.  "After the pleadings are closed but within
such time as not to delay the trial, any party may move for
judgment on the pleadings."  Fed. R. Civ. P. 12(c).  When

considering a motion for judgment on the pleadings, the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'" Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

With its motion, Boston Mutual submitted copies of the "Plan Document and Summary Plan Description for Oasis Healthcare," "Managed Health Funding Insurance Administrators Administration Agreement," and the "Excess Loss Policy" issued to Oasis Healthcare. Boston Mutual did not address the question of whether the court may consider those materials without converting the motion to one for summary judgment. See Fed. R. Civ. P. 12(c); Rubert-Torres v. Hosp. San Pablo, Inc., 205 F.3d 472, 475 (1st Cir. 2000). In response, the plaintiffs noted that those documents are extrinsic to the complaint, but also submitted extrinsic materials in support of their objection.

"Ordinarily, of course, any consideration of documents not attached to the complaint, or not expressly incorporated therein,

2

is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Exceptions may be made, however, "for documents the authenticity of which are not disputed by the parties; . . . for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. The plan documents and insurance policies appended to the parties' papers fall into the exception so that the motion need not be converted to one for summary judgment.

## Discussion

The plaintiffs allege that Boston Mutual, along with all other defendants, breached its fiduciary duties under ERISA by permitting or causing the employees' contributions to the employees' group insurance benefits plan to be diverted to pay their employers' corporate debts. Boston Mutual moves to dismiss on grounds that the allegations are insufficient to state a claim and that the plan and insurance documents establish that it was not a plan fiduciary.

The court considered the same claim and supporting allegations in the context of the motion to dismiss filed by American National Insurance Company, Inc., the other insurance company defendant. See Order of June 6, 2001. The court

3

determined that the plaintiffs' allegations, which are made as to all defendants without distinguishing among them, failed to state an ERISA claim of breach of fiduciary duty. See id. The reasoning in that order applies equally here and will not be repeated.

In response to Boston Mutual's motion, however, the plaintiffs present a new theory that was not raised in response to American National Insurance Company's motion to dismiss and, therefore, was not addressed in the June 6 order. The plaintiffs now argue that the insurance policy issued by Boston Mutual to their employee benefit plan was an asset of the plan and that Boston Mutual was a fiduciary because it exercised authority or control with respect to that asset within the meaning of 29 U.S.C.A. § 1002(21)(A). In particular, the plaintiffs argue that Boston Mutual deprived the plan of insurance coverage, a plan asset, by terminating the policy on the grounds that the premiums had not been paid or payments to cover the self-funded part of the plan had not been made. The plaintiffs explain that their new theory was the result of information obtained through discovery in the case.

Not surprisingly, Boston Mutual did not address the new theory in its motion to dismiss, since the plaintiffs did not allege such a claim in the complaint. To state a claim, the

4

plaintiffs must at least "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 28 n.2 (1st Cir. 1996); see also Fed. R. Civ. P. 8(a)(2). The plaintiffs cannot overcome the deficiencies in their complaint with new arguments and allegations raised for the first time in response to the defendant's motion to dismiss. See Bauchman v. West High Sch., 132 F.3d 542, 550 (10th Cir. 1997); see also Dewey v. Univ. of N.H., 694 F.2d 1, 3 (1st Cir. 1982) (it is "not enough to allege a general scenario which could be dominated by unpleaded facts").[1]

Since the plaintiffs' new theory of ERISA fiduciary liability is not pled in the complaint, and the ERISA claim that is pled is insufficient as a matter of law, Boston Mutual is entitled to judgment as a matter of law as to the ERISA claim, which is the only remaining claim.

---

[1]The court notes that although the plaintiffs have filed a motion to amend their complaint, the proposed amended complaint does not make the claim raised in the plaintiffs' new theory presented here.

5

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 24) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

June 25, 2001

cc:   Charles C. Douglas III, Esquire
      Russell F. Hilliard, Esquire
      Wilbur A. Glahn III, Esquire
      William L. Chapman, Esquire