Goodman v. Williams                          CV-02-106-JD  02/06/03  P

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Steven M. Goodman

     v.                                     Civil No. 02-106-JD
                                            Opinion No. 2003 DNH 023
Mark E. Williams and
Catherine A. Williams


                              O R D E R


     The plaintiff, Steven M. Goodman, brings a petition under

the Limitation Act, 46 App. U.S.C. § 181, et seq., for

exoneration from or limitation of liability for claims arising

from a boating accident.  Goodman owned the boat, Paperboy 7, in

which the plaintiff, Mark E. Williams, sustained injuries in an

accident on September 8, 2001.  After Mark and Catherine Williams

brought suit against Goodman in state court, asserting that

Goodman was negligent in the operation of the boat, Goodman

sought the protection of the Limitation Act in this court.  The

Williamses move to dismiss the Limitation Act proceeding.


                          Standard of Review

     When, as here, the defendants have filed an answer, a motion

to dismiss is properly considered as a motion for judgment on the

pleadings.  "After the pleadings are closed but within such time

as not to delay the trial, any party may move for judgment on the

pleadings."  Fed. R. Civ. P. 12(c).

Although the court considers the factual allegations in both the complaint and the answer, the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). As a result, the court treats any allegations in the answer that contradict the complaint as false. See Hoeft v. Tuscon Unified Sch. Dist., 967 F.2d 1298, 1301, n.2 (9th Cir. 1992); Qwest Comms. Corp. v. Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002). Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'" Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

## Discussion

Under the Limitation Act, the liability of the owner of a boat for injuries involving the boat is limited to the value or interest of the owner in the boat and her freight, as long as the accident happened "without the privity or knowledge of the owner." 46 App. U.S.C. § 183(a); see also Cape Fear, Inc. v. Martin, 312 F.3d 496, 502 (1st Cir. 2002). "[P]rivity or knowledge," as used in § 183, "usually implies some degree of culpable participation or neglected duty on the shipowner's part:

2

that, for example, it committed a negligent act, or knew of an unseaworthy condition but failed to remedy it, or through the exercise of reasonable diligence could have prevented the commission of the act or the onset of the condition." Carr v. PMS Fishing Corp., 191 F.3d 1, 4 (1st Cir. 1999). Once the statutory requirements are met, all claims and proceedings against the owner of the boat must cease. 46 App. U.S.C. § 185. Therefore, upon application by the boat owner, state court proceedings on such claims are enjoined, which is the case here. Adm., Maritime Claims, Supp. Rule F(3).

The Williamses mistakenly assume that their allegations as to the negligence of Goodman in operating the boat may be accepted as true for purposes of deciding their motion. Goodman, however, alleges that the injuries were caused by "an unknown source" and denies that he caused or contributed to any negligence or fault that caused the injuries. The Williamses' arguments that procedural irregularities support their motion are not persuasive. Therefore, because it cannot be determined on the pleadings alone whether or not Goodwin was negligent in operating the boat, the Williamses are not entitled to judgment on the pleadings on the ground that Goodwin was negligent.

The Williamses also argue that they are entitled to proceed with their claims in state court under "the savings to suitors clause" of 28 U.S.C. § 1333(1). The Williamses cite Lewis v.

3

<u>Lewis & Clark Marine, Inc.</u>, 531 U.S. 438 (2001), which considered the potential conflict between "the savings to suitors clause" of § 1333(1) and the Limitation Act. They make no effort, however, to show that in the circumstances of this case Goodman's rights under the Limitation Act would be adequately protected so that it would be appropriate for the court to stay this proceeding and permit the state court action to proceed. <u>See</u> <u>id.</u> at 454-55. To the contrary, the Williamses assert that there are other potential claimants and have not suggested that the total claims are less the value of the boat. Therefore, the Williamses' motion cannot be granted based on § 1333(1).

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to dismiss (document no. 11) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 6, 2002

cc: Gary S. Lenehan, Esquire
    Seth S. Holbrook, Esquire
    Stephen L. Tober, Esquire
    Michael Kaplan, Esquire