Russell v. FPS Fire Protection System CV-03-095-JD  11/25/03

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Leonard D. Russell

        v.                              Civil No. 03-095-JD
                                        Opinion No. 2003 DNH 201
FPS Fire Protection
Systems, Inc., et al.


                          O R D E R


     The plaintiff, Leonard D. Russell, brought suit in state

court against his former employer, FPS Fire Protection Systems,

Inc., and the individuals who own and control the company, Diane

and David Goodridge, alleging claims for unpaid wages, promissory

estoppel, intentional infliction of emotional distress, and

fraud.  The defendants removed the case to this court.  The

defendants now move for judgment on the pleadings, contending

that Russell's claims are preempted by the Employee Retirement

Income Security Act ("ERISA"), 29 U.S.C. § 1144.


                       Standard of Review

     "After the pleadings are closed but within such time as not

to delay the trial, any party may move for judgment on the

pleadings."  Fed. R. Civ. P. 12(c).  When considering a motion

for judgment on the pleadings, the "court must accept all of the

nonmoving party's well-pleaded factual averments as true and draw

all reasonable inferences in her favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). The court may also consider the factual allegations in the answer, taken in the light most favorable to the plaintiff. NEPSK, Inc. v. Town of Holton, 283 F.3d 1, 8 (1st Cir. 2002); Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1301 n.2 (9th Cir. 1992). Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'" Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

Background

Russell alleges that David and Diane Goodridge are the officers and principal shareholders of FPS, a company that designs and installs sprinkler systems. They also own and manage several other related businesses. Russell began his employment with FPS in June of 1985 as a designer and estimator.

David Goodridge promised Russell that FPS or the Goodridges would pay him an additional 10% of his yearly salary each year to be deposited into a retirement account. Russell alleges that the promise was recorded in a written document, signed by David

2

Goodridge.[1]  During the course of his seventeen years of employment, Russell inquired repeatedly about the retirement account, and David Goodridge assured him that the account was fine and that the money would be available when he decided to retire.  Beginning in December of 2001, Russell began to hear that the Goodridges were denying retirement benefits for other company employees.  When Russell inquired about the status of his account in early 2002, the Goodridges began to treat him in a hostile and threatening manner.

The Goodridges and their son and son-in-law, who were also company officers, began to intimidate Russell through verbal threats and harassment.  Gasoline and gasoline soaked rags were repeatedly left in Russell's office, where they clearly did not belong.  On one occasion, David Goodridge indicated he would not mind if the gasoline caused an explosion, and after Russell complained again about gasoline fumes, Goodridge asked him how he and his wife would like to spend the rest of their lives in wheelchairs.  The Goodridges' son-in-law told Russell the Goodridges spent all of the money and that David Goodridge would have Russell killed before paying him anything.

---

[1]That document was not submitted with the complaint, the motion for judgment on the pleadings, or the objection to the motion, and therefore, it is not considered here.

On May 9, 2002, Russell stopped working because of the level of intimidation and harassment at FPS. When he returned to retrieve his personal property on May 13, David Goodridge told Russell that they had never put any money in an account for him. Goodridge also refused to allow Russell to get his personal property from his office, which included computer equipment and other personal items. When some of the items were returned, months later, they were damaged beyond repair. On May 28, 2002, David Goodridge sent Russell a letter again denying the existence of any retirement account.

The harassment continued in the form of telephone calls and members of the Goodridge family driving by the Russells' home, making obscene hand gestures. The experience of losing his expected retirement benefits and his concern about the physical safety and well being of himself and his family took a heavy emotional toll on Russell. He moved to North Carolina to escape the intimidation and stress. In July of 2002, he suffered a complete emotional breakdown, and he is now in the recovery process.

This suit was filed in March of 2003, alleging claims for unpaid wages under New Hampshire Revised Statutes Annotated §§ 275:44, 51, and 53, promissory estoppel, and fraud, based on the defendants' failure to provide the retirement account. Russell

4

also alleges a claim for intentional infliction of emotional distress.  In their answer, the defendants deny that any promise was ever made as to the retirement account and deny that it existed.  They also deny all of the allegations pertaining to harassment and intimidation.

## Discussion

The defendants move for judgment on the pleadings on the ground that the retirement account Russell refers to is an employee pension benefit plan so that Russell's claims are preempted by ERISA and must be dismissed.  ERISA preempts state law claims that relate to any employee benefit plan, which includes an employee pension plan, that are not exempted by the savings clause.  29 U.S.C.  §§ 1002(3) & 1144(a); <u>Hotz v. Blue Cross & Blue Shield of Mass., Inc.</u>, 292 F.3d 57, 59 (1st Cir. 2002).  An employee pension benefit plan, under ERISA, is:

> any plan, fund, or program which was heretofore or is hereafter <u>established or maintained</u> by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program . . . provides retirement income to employees, or [] results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing the benefits from the plan.

29 U.S.C. § 1002(2)(A) (emphasis added).

5

Based on the pleadings, it is undisputed that neither the Goodridges nor anyone else established or maintained the promised retirement account.  Since no plan was "established or maintained by an employer," the promised, but non-existent, retirement account is not an ERISA plan.  See, e.g., Donovan v. Dillingham, 688 F.2d 1387, 1373 (11th Cir. 1982) ("In determining whether a plan, fund or program [pursuant to a writing or not] is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits."); accord Demars v. Cigna Corp., 173 F.3d 443, 446 (1st Cir. 1999); Brown v. AMPCO-Pittsburgh Corp., 876 F.2d 546, 550-51 (6th Cir. 1989).  Therefore, Russell's claims related to the promised retirement account do not fall within ERISA preemption.

## Conclusion

For the foregoing reasons, the defendants' motion for judgment on the pleadings (document no. 20) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 25, 2003

cc:  Michael R. Callahan, Esquire
     Charles G. Douglas III, Esquire

6